# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LAKIHA TYSON, | Case No. 2:18-cv-00028-GMN-NJK |
| Plaintiff(s), | |
| v. | ORDER GRANTING MOTION TO STAY DISCOVERY |
| DOUGLAS FIFE, M.D., et al., | (Docket No. 25) |
| Defendant(s). | |

Pending before the Court is the motion to stay discovery filed by Defendants Hologic, Inc. and Cynosure, Inc. pending resolution of their motions to dismiss. Docket No. 25; *see also* Docket Nos. 13-14 (motions to dismiss). Plaintiff filed an untimely response in opposition. Docket No. 30.[1] No reply is necessary. The Court finds the motion properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to stay discovery is hereby **GRANTED** with respect to any discovery involving Defendants Hologic, Inc. and Cynosure, Inc.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Motions to stay discovery pending resolution of a dispositive motion

---

[1] The response was due on February 23, 2018. *See* Local Rule 7-2(b). The response was filed on February 26, 2018. Docket No. 30. The Court will consider the response in this instance, but cautions counsel moving forward that they must strictly comply with all deadlines.

may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *1 (D. Nev. Oct. 31, 2013) (citing *Holiday Sys., Int'l of Nev. v. Vivarelli, Scharwz, and Assocs.*, 2012 U.S. Dist. Lexis 125542, *5 (D. Nev. Sept. 5, 2012)).

Among other issues raised, Defendants Hologic, Inc. and Cynosure, Inc. seek dismissal for lack of personal jurisdiction. Docket Nos. 13-14. Generally speaking, a pending motion challenging personal jurisdiction "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved" because such a motion presents a "critical preliminary question." *Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015) (collecting cases). In determining whether a stay is appropriate, the Court is mindful that "how the undersigned sees the jurisdictional picture may be very different from how the assigned district judge will see the jurisdictional picture." *Id.* at *2 (quoting *AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 U.S. Dist Lexis 146270, *10 (D. Nev. Oct. 10, 2012)). Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *Kabo Tools*, 2013 WL 5947138, at *2.

Applying these standards with respect to the personal jurisdiction challenge by Hologic, Inc. and Cynosure, Inc., the Court finds that sufficient cause exists to stay discovery. The primary argument advanced by Plaintiff is that she may be entitled to jurisdictional discovery. *See* Docket No. 30 at 3-4. That is an issue already presented to the district judge through the briefing of the motion to dismiss, *see, e.g.*, Docket No. 23 at 5-6, and the undersigned will defer that question to the district judge in her determination of the merits of the pending motion to dismiss, *e.g. Hologram*, 2015 WL 1600768, at *2. The Court finds the other requirements for a stay of discovery are also present in this case.

Accordingly, the Court will **GRANT** the motion to stay discovery with respect to Defendants Hologic, Inc. and Cynosure, Inc. To be clear, the other defendants have not filed dispositive motions of

their own and, instead, answered the complaint in state court. *See* Docket No. 1-1 at 27. No showing has been made that the stay imposed herein should be extended to the answering defendants, and the Court declines to do so. *See, e.g.*, *White v. American Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989) (denying motion to stay discovery against defendant who did not file motion to dismiss). Accordingly, Plaintiff and the answering defendants shall file a proposed discovery plan by March 5, 2018, and those parties shall proceed with discovery.

IT IS SO ORDERED.

DATED: February 26, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge