**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAKIHA TYSON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DOUGLAS FIFE, M.D.; AUBREE LITTLE; ) <br> FIFE DERMATOLOGY, P.C., d/b/a ) <br> SURGICAL DERMATOLOGY & LASER ) <br> CENTER; HOLOGIC, INC.; CYNOSURE, ) <br> INC.; DOES 1-30; ROE CORPORATIONS 1- ) <br> 30, inclusive, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:18-cv-0028-GMN-NJK <br><br> **ORDER** |

Pending before the Court is Plaintiff Lakiha Tyson's ("Plaintiff's") Motion to Remand ("MTR"), (ECF No. 8). Defendants Cynosure, Inc. ("Cynosure") and Hologic, Inc. ("Hologic") (collectively "Manufacturer Defendants") filed a Response, (ECF No. 19), and Plaintiff filed a Reply, (ECF No. 21). For the reasons stated herein, Plaintiff's Motion to Remand is **GRANTED.**

**I.    BACKGROUND**

This case arises from a laser hair removal treatment administered to Plaintiff on October 19, 2016, by Defendant Aubree Little ("Little"). (Pet. for Removal, Ex. 1 ("Compl.") 4:25, 5:6–7, ECF No. 1). Defendant Douglas Fife, M.D. ("Dr. Fife") is a partner of Defendant Fife Dermatology, P.C., d/b/a Surgical Dermatology & Laser Center ("Fife Dermatology") (collectively "Provider Defendants"). (*Id*. at 4:19–24). Little performed the treatment on Plaintiff at Fife Dermatology with a Cynosure Apogee Elite Alexandrite 755 nm laser (the "Laser"), which is produced, designed, sold, distributed, and put in the stream of commerce by Manufacturer and Provider Defendants. (*Id*. at 4:25, 5:6–11). During the treatment, Plaintiff

experienced an "unbearable burning sensation" and "suffered approximately 100 painful nickel-sized circular burns going up and down, and all over, both of her arms and shoulders." (*Id*. at 5:19–25). Plaintiff now has "approximately 100 nickel-sized hyperpigmentation marks" over both her arms and shoulders that she alleges are likely permanent. (*Id*. at 6:1–3).

On October 17, 2017, Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada. (*See* Compl.). Plaintiff asserted eight causes of action, three of which are against the Manufacturer Defendants. (*See id*.). Specifically, Plaintiff alleged: (1) res ipsa loquitur; (2) product liability; and (3) failure to warn against the Manufacturer and Provider Defendants. (*Id*. at 12:1, 13:15, 15:5). On January 5, 2018, Manufacturer Defendants filed a Notice of Removal, asserting that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1). On January 17, 2018, Plaintiff filed the instant Motion to Remand. (ECF No. 8).

## II. **LEGAL STANDARD**

If a Plaintiff files a civil action in state court, a defendant may remove that action to a federal district court if the district court has original jurisdiction over that matter. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, complete diversity of citizenship is required, and each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.

2001). "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.* "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).

## III. DISCUSSION

In the instant Motion, Plaintiff asserts that remand is appropriate because diversity is not met. Manufacturer Defendants counter that diversity is met due to the doctrine of fraudulent misjoinder. (Pet. for Removal 2:13–17, ECF No. 1). If the Court disagrees, Manufacturer Defendants request in the alternative that the Court exercise its discretion under Federal Rules of Civil Procedure ("FRCP") 21 to sever the claims in order to obtain diversity jurisdiction. (Resp. 10:6–7, ECF No. 19). In response, Plaintiff argues that Provider Defendants and Manufacturer Defendants were properly joined and additionally seeks reasonable attorney's fees and costs due to removal allegedly being improper. (MTR 1:23–28). The Court will first address diversity, turn to Rule 21, and then address attorney's fees.

### 1. Diversity Jurisdiction and Fraudulent Misjoinder

As a threshold issue, Plaintiff asserts that there is not complete diversity of parties, and thus the Court does not have jurisdiction. Plaintiff is a citizen of Clark County, Nevada. (Compl. 1:19). Manufacturer Defendants are both incorporated in Delaware with their principal place of business in Massachusetts. (Pet. for Removal 5:16–23); *see* 28 U.S.C. § 1332(c). Provider Defendants, however, are also citizens of Clark County, Nevada. (Compl. 1:20–25).

Manufacturer Defendants assert that Provider Defendants were "fraudulently misjoined" and therefore should not be considered for the purposes of diversity jurisdiction. (Pet. for

Removal 2:13–17). Fraudulent misjoinder was first recognized in the Eleventh Circuit. *Tapscott v. MS Delaer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). There, the Eleventh Circuit held that fraudulent misjoinder exists if the claims against the non-diverse party do not have any real connection or nexus to the claims of the diverse parties. *Tapscott*, 77 F.3d at 1360. The Eleventh Circuit found that such misjoinder is "egregious," and the court may disregard the joinder of fraudulently joined parties for diversity jurisdiction purposes. *Id.*

Notably, only the Eleventh Circuit has adopted the fraudulent misjoinder doctrine. *See, e.g.*, *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 n.4 (8th Cir. 2010) (declining to adopt fraudulent misjoinder); *Lafalier v. State Farm Fire and Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (addressing but not adopting the fraudulent misjoinder doctrine); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630 (5th Cir. 2002) (same). The Ninth Circuit has instead adopted the doctrine of fraudulent joinder, where joinder of a resident defendant is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious . . ." *Ritchey*, 139 F.2d at 1318. The difference between the two is that fraudulent joinder occurs where a plaintiff cannot claim a cause of action against a non-diverse defendant, but fraudulent misjoinder occurs where the claims against the diverse and non-diverse defendants are not connected or related. *See Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *Tapscott*, 77 F.3d at 1360.

While the Ninth Circuit adopted fraudulent joinder, it has discussed fraudulent misjoinder in an unpublished opinion, assuming without deciding that "this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs." *Cal. Dump Truck Owner's Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729 (9th Cir. 2001) (unpublished). There, the Ninth Circuit stated that is it open to the idea of fraudulent misjoinder, but it has not adopted it. *Id.* Furthermore, in *California Dump Truck*, the Circuit

ordered the case to be remanded because it did not find that there was "egregious" misjoinder to justify ignoring the presence of a non-diverse plaintiff. *Id*.

While the Ninth Circuit has not expressly adopted fraudulent misjoinder, some courts in the Ninth Circuit have followed the *Tapscott* rule. *See, e.g.*, *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004); *Anglada v. Bank of Am. Corp.*, Case No. 3:11–cv–00524–RCJ–WGC. However, the majority of Ninth Circuit District Courts have rejected the *Tapscott* rule. *Hampton v. Insys Therapeutics, Inc.*, 2:18–cv–00688–MMD–NJK, 2018 WL 2931833, at *1 (D. Nev. June 12, 2018) (adopting report and recommendation of the Magistrate Judge which declined to adopt *Tapscott* in its decision); *see, e.g.*, *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1128 (E.D. Cal. 2004); *Delgado v. Primerica Life Ins. Co.*, Case No. 17–cv–03744–HSG, 2018 WL 839389, at *3 (N.D. Cal. Feb. 13, 2018); *Thakor v. Burlington Ins. Co.*, No. C 09–1465 SBA, 2009 WL 1974511, at *4 (N.D. Cal. July 8, 2009); *Doe v. Medalist Holdings, LLC*, Case No. EDCV 17–1264–MWF (FFMx), 2017 WL 3836041, at * 4 (C.D. Cal. Sept. 1, 2017); *Madsen v. Davol Inc.*, No. CV08–2174–PHX–NVW, 2009 WL 10673086, at *2 (D. Ariz. Feb. 23, 2009); *Butte Local Dev. Corp v. Masters Grp. Int'l, Inc.*, Case No. CV 12–71–BU–DLC, 2012 WL 13019008, at *3–5 (D. Mont. Nov. 28, 2012); *Xavier v. Allstate Prop. & Cas. Ins. Co.*, Case No. C 12–00920 RAJ, 2012 WL 13024685, at 2 (W.D. Wash. Aug. 29, 2012).

Moreover, courts in this District have rejected fraudulent misjoinder several times. *See, e.g.*, *Hampton*, 2018 WL 2931833, at *1; *Target Constr., Inc. v. Travelers Property Cas. Co. of Am.*, 2:14–cv–1004–JCM–VCF, 2014 WL 5048241, at *4 (D. Nev. Oct. 9, 2014); *Stone-Jusas v. Wal-Mart Stores, Inc.*, 2:14–cv–00669–JCM–NJK, 2014 WL 5341686, at *4 (D. Nev. Oct. 17, 2014) (adopting report and recommendation of the Magistrate Judge which declined to follow *Tapscott* in its decision); *Grammer v. Colo. Hosp. Ass'n Shared Servs., Inc.*, 2015 WL 5227948, at *2 (D. Nev. Sept. 4, 2015).

In *Target Construction*, the court found that the case was unlike *Tapscott* because it did "not involve two distinct classes of plaintiffs and two distinct classes of defendants with 'no real connection' to one another." *Target Constr., Inc.*, 2014 WL 5048241, at *4 (quoting *Tapscott*, 77 F.3d at 1360). Additionally, the court in *Target Construction* remanded the case because the claims arose "from one series of events." *Id*. In a different case, the court explicitly rejected fraudulent misjoinder, agreeing with other Ninth Circuit District Courts that defendants should challenge misjoinder in state court and then seek removal if claims are severed. *Stone-Jusas v. Wal-Mart Stores, Inc.*, 2014 WL 5341686, at *3–4.

Most recently, fraudulent misjoinder was rejected in this District where a plaintiff filed a complaint in state court against a non-diverse health care provider and a diverse drug manufacturer. *Hampton*, 2018 WL 2931833, at *1. The plaintiff alleged negligence against the healthcare provider and negligence, product defect, and failure to warn against the manufacturer. *Id*. The manufacturer attempted to remove based on fraudulent misjoinder. *Id*. There, the court found that fraudulent misjoinder will improperly increase federal jurisdiction beyond the bounds of jurisdictional statutes and requires federal action where there is no real jurisdiction over the case. *Id*. Therefore, the court remanded the case. *Id*.

Here, the Court declines to adopt fraudulent misjoinder in the instant action. Unlike cases where fraudulent misjoinder has applied, the present case has a single plaintiff with a claim arising from a single event. *See, e.g.*, *Tapscott*, 77 F.3d at 1355; *Greene v. Wyeth*, 344 F. Supp. 2d 674, 680 (D. Nev. 2004); *Sutton v. Davol, Inc.*, CV–F–08–280 OWW/GSA, 251 F.R.D. 500, 502 (E.D. Cal. 2008). Not only do Plaintiff's claims arise from a single incident, but they also contain common questions of law and fact pertaining to both classes of Defendants. (*See* Compl.); (*see also* MTR 6:19–24). Therefore, the Court rejects Manufacturer

Defendants' fraudulent misjoinder argument and finds that diversity is not met between the parties.[1] The Court will turn to Manufacturer Defendants' argument concerning FRCP 21.

### 2. Federal Rule of Civil Procedure 21

Manufacturer Defendants argue in the alternative that the Court should assert its "discretionary power to perfect its diversity jurisdiction by dropping a nondiverse party provided the nondiverse party is not indispensable to the action under Rule 19." *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *see* FRCP 21. A defendant "has the burden to prove, by a preponderance of the evidence, that removal is proper," and there is a "strong presumption against removal jurisdiction." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). Removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

This District recently refused to sever under Rule 21 finding that "[f]ederal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent." *Hampton*, 2018 WL 2931833, at *1 (quoting *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014)). Moreover, "[j]udicial reluctance to employ Rule 21 in the removal context stems from the concern that application of Rule 21 would circumvent the strict constraints of the removal statute and unduly expand diversity jurisdiction." *Hampton*, 2018 WL 2931833, at *1 (quoting *Sons of the Revolution in N.Y., Inc. v. Travelers Indem. Co. of Am.*, No. 14 Civ. 03303 (LGS), 2014 WL 7004033, at *2 (S.D.N.Y. Dec. 11, 2014)).

Here, the Manufacturer Defendants have not offered sufficient proof that claims against the Provider Defendants should be severed. Manufacturer Defendants assert that Provider Defendants are dispensable parties, demonstrated from the fact that Plaintiff filed a separate

---

[1] Because the Court is granting Plaintiff's Motion to Remand on diversity of citizenship grounds, the Court will not address whether the amount in controversy requirement is satisfied.

case solely against the Provider Defendants alleging medical negligence resulting from the same injury. (Resp. 11:9–12). Manufacturer Defendants compare the present issue to another case where non-diverse healthcare defendants were severed from a products liability claim. (Resp. 10:15–11:8); *See Joseph v. Baxter Int'l Inc.*, 614 F. Supp. 2d 868, 870 (N.D. Ohio 2009).

However, the present issue is distinguishable from *Joseph*. This action does not involve multiple plaintiffs and injuries, and Provider Defendants were not added to the claim after the Manufacturer Defendants filed for removal. *See Joseph*, 614 F. Supp. 2d at 870–71; (*See* Compl.); (*See also* Pet. for Removal). Moreover, it is more judicially efficient for Plaintiff to have brought the single case against both Manufacturer Defendants and Provider Defendants as their relatedness to the action arises from the same injury. Because of this, Manufacturer Defendants have not met their burden in proving that removal is proper. The Court therefore chooses not to expand its authority by creating diversity jurisdiction where such jurisdiction did not exist in the first place. Accordingly, the Court grants Plaintiff's Motion to Remand.

### 3. Attorney's Fees and Costs

Because the Court is granting Plaintiff's Motion, Plaintiff requests "payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal," pursuant to 28 U.S.C. § 1447(c). (MTR 6:10–13). Manufacturer Defendants assert that awarding of fees is not proper because removal was based on sufficient precedent. (Resp. 12:2–14).

Awarding attorney's fees under 28 U.S.C. § 1447(c) is only proper "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Removal is objectively reasonable where the relevant case law does not clearly foreclose the defendant's basis of removal. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008). Here, Manufacturer Defendants removed the case

based on the doctrine of fraudulent misjoinder. While the Ninth Circuit has not explicitly adopted this doctrine, it has not been clearly foreclosed upon either. Therefore, the Court finds that Manufacturer Defendant's removal was objectively reasonable and denies Plaintiff's request for attorney's fees.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, (ECF No. 8), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Eighth Judicial District Court for the State of Nevada, County of Clark.

**DATED** this __11__ day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge